

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-10-2006

# Shaffer v. Meyers

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4120

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Shaffer v. Meyers" (2006). *2006 Decisions.* Paper 1771.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1771

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————

No. 04-4120

———————————

DONALD K. SHAFFER, JR.,

Appellant

v.

ROBERT MEYERS;
ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA

———————————————————

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 03-cv-00829)
District Judge: Honorable Malachy E. Mannion. Magistrate Judge

———————————————————

Submitted Under Third Circuit LAR 34.1(a)
January 6, 2006

Before: BARRY, STAPLETON AND GREENBERG, <u>CIRCUIT JUDGES</u>

(Filed: January 10, 2006)

———————————

OPINION

———————————

PER CURIAM

        Donald Shaffer appeals the District Court's order denying his habeas corpus

petition.  For the reasons given below we will affirm.

In 1990 Shaffer was convicted in the Court of Common Pleas, Lycoming County, Pennsylvania, of two counts of rape and sentenced to 10 to 20 years' imprisonment. In June 2000 the Pennsylvania Board of Probation and Parole explained that it "has determined that the mandates to protect the safety of the public and to assist in the fair administration of justice cannot be achieved through your release on parole," and that Shaffer would be reviewed in two years' time, or earlier "if recommended by the Department of Corrections . . . because of demonstrable benefit from participation in an appropriate treatment program(s)." The decision adds that at Shaffer's next review the Board will consider whether he has successfully completed a treatment program for sex offenders, received a favorable recommendation for parole from the Department of Corrections, maintained a clear conduct record and completed the prescribed programs. In June 2002 the Board again declined to release Shaffer on parole, for essentially the same reasons.

In July 2004, after Shaffer filed his habeas corpus petition,[1] the Board once again declined to release him on parole. This time its decision provided specific reasons, mirroring its previous recommendations, for denying parole: Shaffer's unacceptable compliance with prescribed institutional programs, his need to participate in additional programs and failure to participate in a sex offender program, and the recommendation of

---

[1] Shaffer brought this denial to the attention of the District Court, whose decision effectively incorporated this denial into Shaffer's petition. We will consider it accordingly.

the Department of Corrections. The decision also, for the first time, expressly cites "the Parole Act of 1941, as amended, 61 P.S. § 331.1 et seq."

In his habeas corpus petition Shaffer argues that the Board's decisions violated the Ex Post Facto Clause because they resulted from its application of the 1996 amendments. Relying on our decision in Mickens-Thomas v. Vaughn, 321 F.3d 374 (3d Cir. 2003), he argues that application of the amended statute entails more stringent standards than the Board would have applied when he was convicted and, as a result, "has caused a severe disadvantage to Petitioner's underlying sentence and an irreplaceable loss of liberty which he suffers at this present time." Shaffer also alleges that the Board's decisions violate his rights under the Equal Protection Clause.

In their Answer the respondents argue, inter alia, that application of the 1996 amendments does not violate the Ex Post Facto Clause because "[t]he Board has not exercised its discretion to parole offenders differently since the 1996 amendment. . . ." Attached to the Answer is a lengthy Declaration by Benjamin A. Martinez, Chairman of the Parole Board, which includes statements to the effect that the criteria used by the Board in parole decisions have not changed, and that before each time Shaffer was interviewed for parole, the Department of Corrections and the superintendent of SCI-Rockview recommended against releasing him on parole because of his failure to participate in the sex offender program. (Martinez's affidavit was filed before the third parole denial and thus does not address it.) In his response, Shaffer adds that he is being denied parole because of his refusal to participate in a prison sex offender program, and

3

that this requirement has the effect of extending his punishment because "no completion exists in this program." (In state court filings, attached to his petition, Shaffer explains that he has refused to attend the program because he believes he would benefit more from therapy following his release.)

The District Court (a Magistrate Judge acting with the consent of the parties) agreed with the respondents that the petition was without merit and denied relief. Among other things, the court found that "[u]nlike the inmate in Mickens-Thomas, Shaffer has been denied parole on three occasions, not because a more stringent standard in evaluating parole has been applied in his case, but because of his repeated refusal to participate in a rehabilitative prison program." The court summarily rejected Shaffer's equal protection argument. This appeal followed.[2]

After thorough review of the record, we agree with reasoning of the District Court in denying Shaffer's petition. With regard to the Ex Post Facto Clause, we emphasize that there are two prongs to a successful claim: Shaffer must show not only that there has been a change in law or policy which has been given retrospective effect but also that its retrospective application to him created a real risk of increasing the measure of his punishment. Richardson v. Pennsylvania Board of Prob. and Parole, 423 F.3d 282, 288 (3d Cir. 2005).

In setting forth his claim, Shaffer reads Mickens-Thomas too broadly, at times

---

[2] We have jurisdiction under 28 U.S.C. §§ 1291 and 2253. Our review is plenary. Mickens-Thomas v. Vaughn, 321 F.3d 374, 376 n.2 (3d Cir. 2003).

4

appearing to interpret that decision as holding that any retroactive application of the amended parole statute violates the Ex Post Facto Clause. However, Mickens-Thomas prevailed because he clearly satisfied both prongs. In his case, the Board had relied solely on public safety in denying parole and disregarded the parole guidelines, the unanimous recommendations of the Department of Corrections, and evidence of his rehabilitation. Moreover, Mickens-Thomas had presented convincing evidence that he had a significant likelihood of parole under the pre-1996 guidelines and had shown that all prisoner's in his situation (prisoners whose life sentences had been commuted before 1996) had been subsequently paroled. As we noted in Richardson, 423 F.3d at 293, "Mickens-Thomas may be an exceptional case because of the compelling nature of the evidence of prejudice."

Although we do not require a petitioner to provide evidence which is compelling to the same degree, "our precedents require that a petitioner proffer at least some evidence of disadvantage to warrant habeas relief." Id. Shaffer has not done so. Indeed, it is not even clear that he has met the first prong of the analysis, i.e., shown that the Board used new standards, retroactively applied, in denying him parole. Prima facie it does not seem likely that the criteria cited by the Board in Shaffer's case – participation in a treatment program for sex offenders, the recommendation of the Department of Corrections, Shaffer's conduct record and whether he completed any prescribed programs – would not have been considered by the Board pre-amendment, and Shaffer cites no evidence to persuade us otherwise. But even if we assume that the Board would have

5

used different criteria pre-amendment, Shaffer has not provided adequate reasons to support the contention that application of those criteria would likely have resulted in his release on parole.

Accordingly, we will affirm the judgment of the District Court.